# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER AND ADRIENNE WHATLEY,    *
Husband and Wife,    *
    *   Civ. Act. No.:
    *
vs.    *   Section " "
    *
    *   Mag.:
NATIONAL RAILROAD PASSENGER CORP.,    *
d/b/a AMTRAK; TEXTRON, INC., d/b/a TEXTILE    *
MARINE AND LAND; RANDALL E. BRAY;    *
ALABAMA GREAT SOUTHERN RAILROAD CO.;    *
AND LIBERTY MUTUAL INSURANCE CO.    *
**************************************************

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff Christopher Whatley for his claims and causes of action against the defendants named above alleges as follows:

1.   Plaintiff Christopher Whatley is and was at all times relevant a resident citizen of the City of Laurel, State of Mississippi.

2.   At all times material herein, Defendant National Railroad Passenger Corporation (hereafter Amtrak) was and is a corporation organized and existing by virtue of an act of Congress and as such was doing business in the State of Louisiana and was and is an interstate carrier engaged in interstate transportation, operating an interstate system of railroads in and through various states, including the State of Louisiana.   Amtrak is neither a resident nor a citizen of the state of Louisiana.

3.   At all material times, Defendant Textron, Inc., doing business as Textron Marine and Land Systems, was a non-resident corporation, authorized to and doing business in the State of

Louisiana; it is a resident citizen of the state of Delaware.

4.    Defendant Randall E. Bray is an individual who is a resident citizen of the state of Louisiana, City of Pearl River.

5.    Defendant Liberty Mutual Insurance Company [hereinafter "Liberty Mutual" is a foreign insurance corporation authorized to do and doing business in the State of Louisiana.

6.    Defendant Alabama Great Southern Railroad Company [hereinafter "AGS"], a subsidiary of Norfolk Southern Corporation, is a corporation duly organized in the state of Alabama, with its principal place of business in Norfolk, Virginia, doing business and operating trains in this Eastern District of Louisiana where this action is filed.   At all material times the tracks and crossing upon which Plaintiff suffered injury were owned, operated, maintained, and/or controlled by Defendant AGS.

7.    At all times material herein, Defendant Amtrak was doing business and conducting rail operations, and has places of business in and through several states, including rail operation and places of business in the Eastern District of Louisiana where this action is filed.

8.    At all times material herein, Defendant Amtrak was an interstate carrier by rail and was engaged in interstate transportation and commerce; Plaintiff Christopher Whatley was employed by Defendant Amtrak as a Locomotive Engineer, and as such was working and engaged in interstate transportation and commerce at the time set forth herein, and at such time was working for Defendant Amtrak in interstate commerce, and said work directly, closely, and substantially affected the general interstate commerce carried on by Defendant Amtrak.

9.     Jurisdiction of this Court for Plaintiff's causes of action against Amtrak is based upon Title 45 U.S.C. § 51 et seq., commonly known as the Federal Employers' Liability Act and this action is timely commenced under said statute.

10.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C.§ 1367, over the claims of Plaintiffs against all other Defendants named herein, including Amtrak, AGS, Liberty Mutual, Textron and Randall Bray.

11.    Venue is proper in this Court as the accident which gives rise to this Complaint occurred in the City of Slidell, St. Tammany, Louisiana, and within the Eastern District of Louisiana.

12.    On or about April 20, 2011 at approximately 8:00 a.m., Amtrak Train No. 20, known as the "Crescent," was traveling northbound toward the railroad grade crossing located at a private road known as Cleveland Ave., in Slidell, Louisiana.   This crossing is given DOT No. 725-160T.

13.    As the train approached said crossing, Plaintiff Christopher Whatley timely sounded the horn on the engine as required by federal law, while operating the train within the speed limits set by the Federal Railroad Administration, and in all other manners he likewise operated the train lawfully and as he was trained to do.

14.    As the train approached the grade crossing, Defendant Randall E. Bray drove a 2008 Kenworth Tractor-trailer owned by Defendant Textron toward the crossing.   At all times material, including the time of the accident, Defendant Bray was acting within the scope and course of his employment by Defendant Textron.   Textron is vicariously liable for any negligent actions of its employee, Defendant Bray.

15.    The railroad crossing at Cleveland is equipped with stop signs.  Defendants Bray and Textron were aware that the railroad tracks were used frequently by trains and were

familiar with the crossing.

16. Defendant Bray entered the crossing without stopping his vehicle at the stop sign or at any time prior to this collision in violation of state law and common sense, and he also failed to look and listen for oncoming trains.

17. Defendant Bray ignored the repeated warnings of the oncoming train and negligently and carelessly drove his vehicle into the path of the oncoming train without making any attempt to stop.

18. As a result of his careless and negligent actions, Defendant Bray's vehicle was struck broadside by the Amtrak train, causing the Amtrak train to derail and causing severe and permanent injuries to Plaintiff Whatley.

## COUNT I–AMTRAK FELA

19. Plaintiff hereby realleges and reincorporates the allegations in paragraphs 1-18 as originally pled herein.

20. The injuries sustained by Plaintiff on April 20, 2011 and the resulting damages came as a result, in whole or in part, of the negligence of Defendant Amtrak, its officers, employees and agents, in violation of the FELA, 45 U.S.C. § 51 et seq., in the following particulars, though not exclusively, to-wit:

    a.      failure to control obstructions to view of the motoring public due to trees along the tracks;

    b.      failing to install properly placed railroad cross bucks, stop signs and advance warning signs;

    c.      failure to maintain smooth crossing surface for vehicles to traverse so a motorist could watch for oncoming trains without having to simultaneously look out for

road defects;

d.   failing to properly warn Plaintiff of the dangers that confronted him;

e.   creating and permitting a dangerous and hazardous condition to exist on the crossings, properties, premises, work areas, or equipment where its employees were required to work;

f.   failing to provide Plaintiff with a reasonably safe place in which to work as required by law;

g.   failing to provide Plaintiff with reasonably safe equipment with which to perform said work;

h.   All other acts of negligence that may be discovered in this matter.

21.   As a result, in whole or in part, of the foregoing negligence of Defendant Amtrak and its agents, in violation of the FELA, a collision was caused to occur as set forth above, causing Plaintiff Christopher Whatley to sustain severe, permanent and disabling physical injuries to his body including his back, shoulders, neck, head, and the bones, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; Plaintiff Christopher Whatley has suffered in the past and will continue to suffer in the future pain and anguish and loss of enjoyment of life; as well as psychological injuries and that he was otherwise injured and permanently disabled.

22.   As a result, in whole or in part, of the foregoing negligence of Defendant Amtrak and its agents, in violation of the FELA, Plaintiff Christopher Whatley has lost wages in the past, and will continue to lose wages in the future, and he has and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the

evidence at the trial of this matter.

23.     In an effort to treat, heal and relieve his injuries, Plaintiff Christopher Whatley has spent
        and will continue to spend monies for medical and related care in amounts to be proven by
        the evidence at the trial of this matter.

        WHEREFORE, Plaintiff Christopher Whatley prays for judgment against the above named
Defendant, Amtrak, for recovery of reasonable damages in an amount sufficient to fully
compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements
and whatever other relief the Court deems appropriate.

### COUNT II- ALABAMA GREAT SOUTHERN RAILROAD COMPANY NEGLIGENCE

24.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 18 of
        their Complaint as if the same were set forth at length herein.

25.     The injuries sustained by Plaintiff on April 20, 2011and the resulting damages were caused
        as a direct and proximate result of the negligent, careless and unlawful conduct of
        Defendant AGS, in that said Defendant was negligent in failing to properly maintain and
        control its railroad crossing and tracks where the collision took place in the following
        particulars though not exclusively, to-wit:

26.      As a direct and proximate result of the negligence of AGS, its agents and employees, a
        collision was caused to occur as set forth above, causing Christopher Whatley to sustain
        severe, permanent and disabling physical injuries to his body including back, shoulders,
        neck, head, and the bones, muscles, tissues, ligaments and internal parts thereof, as well as
        other bruises, contusions, lacerations, and further injuries to his muscular and skeletal
        systems; and that Plaintiff Christopher Whatley has suffered in the past and will continue
        to suffer in the future pain and anguish and loss of enjoyment of life; as well as

psychological injuries and that he was otherwise injured and permanently disabled.

27. As a direct and proximate result of the negligence of Defendant AGS, its agents and employees, Plaintiff Christopher Whatley lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

28. In an effort to treat, heal and relieve his injuries, Plaintiff Christopher Whatley has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff Christopher Whatley prays for judgment against the above named Defendant, AGS, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

## COUNT III–DEFENDANT RANDALL E. BRAY NEGLIGENCE

29. Plaintiffs hereby reallege and reincorporate the allegations in paragraphs 1 through18 as originally pled herein.

30. On April 20, 2011 Defendant Textron agent and employee, Randall Bray, was operating a vehicle in the course and scope of his employment, as he approached the above-stated crossing.

31. Defendant Randall Bray operated said vehicle in a negligent and reckless fashion, driving onto the crossing and into the path of Plaintiff's oncoming train, causing a collision to occur whereby the train upon which Plaintiff was working struck Defendant Textron's truck, and further causing Plaintiff Christopher Whatley to sustain the injuries as set forth herein.

32. The injuries sustained by Plaintiff on April 20, 2011 and the resulting damages were caused as a direct and proximate result of the negligent, careless and unlawful conduct of Defendant Randall Bray, in the following particulars, to-wit:

    a.    failing to stop and yield the right of way to the approaching train pursuant to LSA-R.S. 32:171.

    b.    failing to yield the right-of-way to an oncoming train;

    c.    failing to take proper measures to avoid collision with an oncoming train

    d.    failing to keep a proper lookout;

    e.    failing to brake

    f.    failing to exercise due care in operating the vehicle;

    g.    failing to keep the vehicle under proper control and to operate it with caution and circumspection under the conditions at the time and place alleged;

    h.    failing to heed the warning signs or devices located at or near the crossing;

    i.    operating the vehicle in a careless and wanton manner without regard for the safety of others;

    j.    failing to heed plain and audible signals given of the train's approach to the crossing;

    k.    Failing and neglecting to follow the federal motor carrier guidelines and the Louisiana motor carrier guidelines; and

    l.    all other acts of negligence that may be discovered in this matter.

33. As a direct and proximate result of the negligence of Defendant Bray, a collision was caused to occur as set forth above, causing Christopher Whatley to sustain severe, permanent and disabling physical injuries to his body including back, shoulders, neck, head, and the bones, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems;

Plaintiff Christopher Whatley has suffered in the past and will continue to suffer in the future pain and anguish and loss of enjoyment of life; as well as psychological injuries and that he was otherwise injured and permanently disabled.

34. As a direct and proximate result of the negligence of Defendant Bray, Plaintiff Christopher Whatley lost wages in the past, and will continue to lose wages in the future, and he has sustained a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

35. In an effort to treat, heal and relieve his injuries, Plaintiff Christopher Whatley has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff Christopher Whatley prays for judgment against the above named Defendant, Randall Bray for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

## COUNT IV- TEXTRON NEGLIGENCE

36. Plaintiff hereby realleges and reincorporate the allegations in paragraphs 1 through18 as if originally pled herein.

37. On April 20, 2011, Defendant Textron's agent and employee, Randall Bray, was operating a vehicle in the course and scope of his employment, and was approaching the above-stated crossing.

38. Defendant Textron through its agent and employee Randall Bray, operated said vehicle in a negligent and reckless fashion, driving onto the crossing and into the path of Plaintiff's oncoming train, causing a collision to occur whereby the train upon which Plaintiff was

working struck Defendant Textron's truck, and further causing Plaintiff Christopher Whatley to sustain injuries as set forth hereinafter.

39. The injuries sustained by Plaintiff on April 20, 2011 and the resulting damages were caused as a direct and proximate result of the negligent, careless and unlawful conduct of Defendant Textron independently and/or through its employee and agent Randall Bray, for which said Defendant was negligent in the following particulars, to-wit:

    a.    failing to stop and yield the right of way to the approaching train pursuant to LSA-R.S. 32:171.

    b.    failing to yield the right-of-way to an oncoming train;

    c.    failing to take proper measures to avoid collision with an oncoming train

    d.    failing to keep a proper lookout;

    e.    failing to brake

    f.    failing to exercise due care in operating the vehicle;

    g.    failing to keep the vehicle under proper control and to operate it with caution and circumspection under the conditions at the time and place alleged;

    h.    failing to heed the warning signs or devices located at or near the crossing;

    i.    operating the vehicle in a careless and wanton manner without regard for the safety of others;

    j.    failing to heed plain and audible signals given of the train's approach to the crossing;

    k.    carelessly and negligently maintained the truck involved in the incident

    l.    carelessly and negligently performed mechanical work on the truck involved in the incident;

    m.    carelessly and negligently hiring, training, and supervising John Brown;

    n.    failing and neglecting to follow the federal motor carrier guidelines and the Louisiana motor carrier guidelines; and

o.      all other acts of negligence that may be discovered in this matter.

40. As a direct and proximate result of the negligence of Textron, its agents and employees, a collision was caused to occur as set forth above, causing Christopher Whatley to sustain severe, permanent and disabling physical injuries to his body including back, shoulders, neck, head, and the bones, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff Christopher Whatley has suffered in the past and will continue to suffer in the future pain and anguish and loss of enjoyment of life; as well as psychological injuries and that he was otherwise injured and permanently disabled.

41. As a direct and proximate result of the negligence of Defendant Textron, its agents and employees, Plaintiff Christopher Whatley lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

42. In an effort to treat, heal and relieve his injuries, Plaintiff Christopher Whatley has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff Christopher Whatley prays for judgment against the above named Defendant, Textron, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

### COUNT V- LIBERTY MUTUAL

43. At all times material hereto, including the time of the accident described above on April

20, 2011, Liberty Mutual had in full force and effect a policy of liability insurance which provided coverage to Defendants Textron and Bray for their negligence as described above, and for all damages caused to Plaintiff Christopher Whatley as a result of said negligence.

44. As a direct and proximate result of the negligence of Defendants Textron and Bray, Christopher Whatley lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

45. In an effort to treat, heal and relieve his injuries, Plaintiff Christopher Whatley has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff Christopher Whatley prays for judgment against the above named Defendant, Liberty Mutual, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with interest, all costs, disbursements and whatever other relief the Court deems appropriate.

## COUNT VI- LOSS OF CONSORTIUM

46. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 45 of their Complaint as if the same were set forth at length herein.

47. At all times material herein, Plaintiffs Christopher and Adrienne Whatley were, and continue to be, married.

48. As a direct and proximate result of the negligence of Defendants Textron, Randall Bray, and AGS, and by reason of her husband sustaining injuries as set forth above, Plaintiff Adrienne Whatley has in the past and will in the future be deprived of the services, society,

support, comfort, companionship and consortium of her husband, and by reason of the foregoing, has sustained damages in the amount established by the evidence in the trial of this matter;

WHEREFORE, Plaintiff Adrienne Whatley prays for judgment against the above named Defendants, Textron, Randall Bray, and AGS, separately and jointly and each of them, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all interest, costs, disbursements and whatever other relief the Court deems appropriate.

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER, PLC**

*/s/ Joseph M. Miller*
_____
Joseph M. Miller, #30636
Benjamin B. Saunders, #11733
Carisa German-Oden #30636
400 Mariners Plaza Drive, Suite 401
Mandeville, LA 70448
(985) 612-3070